David W. Skaar (CA Bar No. 265377)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785 4600
Facsimile: (310) 785 4601
david.skaar@hoganlovells.com

Celine J. Crowson  (DC Bar No. 0436549A)
Anthony David Brzozowski, II (DC Bar No. 1044471)
(motions for admission *pro hac vice* pending)
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, DC 20004
Phone:  (202) 637 5600
Facsimile:  (202) 637 5910
celine.crowson@hoganlovells.com
david.brzozowski@hoganlovells.com

Attorneys for Petitioner Daimler AG, Mercedes-Benz AG, and Daimler Truck AG

**FILED**

Jun 23 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ judep   DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF DAIMLER AG, MERCEDES-BENZ AG, AND DAIMLER TRUCK AG FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Case No. 21MC948<br><br>**EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

1.     TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that Petitioners Daimler AG, Mercedes-Benz AG, and Daimler Truck AG (collectively "Daimler"), by and through its counsel, hereby applies to the Court for an *ex parte* Order under 28 U.S.C. § 1782(a) (the "Application") granting it leave to issue: (1) a narrowly tailored subpoena to Qualcomm Inc. ("Qualcomm") requiring Qualcomm to produce certain document(s) in its possession, custody or control for use in a foreign patent infringement proceeding pending in Germany (the "German Litigation"); and (2) a Rule 30(b)(6) deposition subpoena requiring Qualcomm to make available a corporate witness who is prepared to testify under oath about the authenticity of any documents produced in response to Daimler's document request.

2.     Daimler's request for discovery is based upon this Application, the concurrently filed "Memorandum of Points and Authorities in Support of an *Ex Parte* Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782," and the exhibits and declarations attached thereto.

3.     28 U.S.C. § 1782 ("Section 1782") authorizes a federal district court to order discovery of documents and testimony for use in a foreign proceeding in the following circumstances:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

4.     As set forth and explained in the memorandum filed herewith, the requirements of 28 U.S.C. § 1782 are satisfied in this case.  Limited discovery is sought from Qualcomm, which is present in this District with a place of business at

5775 Morehouse Dr., San Diego CA 92121.  The discovery is sought for use in the pending German Litigation.  The applicant, Daimler, is an interested person in that it is the defendant in the German Litigation.

5. As set forth and explained in the Memorandum filed herewith, the factors enumerated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) support allowing discovery pursuant to 28 U.S.C. § 1782.  Specifically, the foreign jurisdiction at issue is receptive to the type of discovery sought by Daimler, the discovery provides key information for the German Litigation, and the request is not made to circumvent any limitation on discovery imposed by German courts.  Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.  To the extent the requested documents contain confidential business information, Daimler will agree to protect the information from disclosure as may be appropriate.

6. In December, 2020, Daimler was sued for patent infringement in the Munich District Court (Case No. 7 O 16487/20) (the "German Litigation") by Godo Kaisha IP Bridge 1 ("IP Bridge"), alleging infringement of IP Bridge's European Patent No. EP 2 294 737 B1, (the "'737 Patent"), entitled "Control Channel Signalling [sic] for Triggering the Independent Transmission of a Channel Quality Indicator."  IP Bridge accuses LTE-capable automobiles and commercial vehicles sold by Daimler of infringing the '737 Patent.  Specifically, the LTE capabilities of Daimler's automobiles and commercial vehicles come from a device called the Network Access Device ("NAD") which is implemented into the so-called Telematic Control Unit ("TCU") installed in Daimler's vehicles.  The NAD includes, as a component, an LTE chip. *Id.*  Qualcomm makes and sells the LTE chips incorporated into a significant share of the NADs on Daimler's LTE-capable accused vehicles.

7. Qualcomm (or its affiliates) entered into an agreement concerning patents related to semiconductor technology and/or to wireless standards related to

semiconductor technology, which patents are owned or otherwise controlled by IP Bridge (or its affiliates). Daimler became aware of this agreement through two other patent litigations brought by IP Bridge asserting the '737 Patent pending against HTC Germany GmbH and HTC Corp. (collectively, "HTC") in Germany (the "HTC Litigations"). In both HTC Litigations, HTC argued that Qualcomm's agreement with IP Bridge regarding patents related to semiconductor technology and/or to wireless standards related to semiconductor technology, which patents are owned or controlled by IP Bridge, exculpated HTC from any liability for infringement based on the doctrine of patent exhaustion. As such, Qualcomm – an entity present in this judicial district (with an address of 5775 Morehouse Dr., San Diego CA 92121) – likely has in its direct possession and/or within its control, document(s) evidencing this agreement by Qualcomm, which is relevant to the issues in the German Litigation. The production of this agreement in the German Litigation would also allow Daimler to assert the defense of patent exhaustion and potentially avoid liability for infringement of the '737 Patent.

8. Daimler, therefore, asks this Court to authorize the issuance of a subpoena *duces tecum* to Qualcomm for the requested document(s) evidencing the agreement, together with a subpoena *ad testificandum* for a Rule 30(b)(6) deposition of a Qualcomm witness prepared to testify about such matters as the authenticity of the produced document(s). As set in the Memorandum filed herewith, all of the requirements of Section 1782 and all of the discretionary factors enumerated by the Supreme Court are satisfied. Daimler therefore respectfully submits that the requested relief is appropriate and should be granted so that it may obtain copies of the relevant document(s) for use in the German Litigation.

9. Accordingly, for the reasons set forth above, in the Memorandum of Points and Authorities, and in the exhibits and supporting declarations, Daimler respectfully moves the Court to issue an order granting the Application and authorizing the issuance of a subpoena to Qualcomm.

Dated: June 23, 2021

Respectfully submitted,

*/s/ David. W. Skaar*
David W. Skaar
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785 4600
Facsimile: (310) 785 4601
david.skaar@hoganlovells.com

Celine J. Crowson
Anthony David Brzozowski, II
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, DC 20004
Phone: (202) 637 5600
Facsimile: (202) 637 5910
celine.crowson@hoganlovells.com
david.brzozowski@hoganlovells.com

Attorneys for Petitioner Daimler AG, Mercedes-Benz AG, and Daimler Truck AG