1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David W. Skaar (CA Bar No. 265377)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785 4600
Facsimile: (310) 785 4601
david.skaar@hoganlovells.com

Celine J. Crowson  (DC Bar No. 0436549A)
Anthony David Brzozowski, II (DC Bar No. 1044471)
(motions for admission *pro hac vice* pending)
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, DC 20004
Phone:  (202) 637 5600
Facsimile:  (202) 637 5910
celine.crowson@hoganlovells.com
david.brzozowski@hoganlovells.com

Attorneys for Petitioner Daimler AG, Mercedes-Benz
AG, and Daimler Truck AG

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF DAIMLER AG, MERCEDES-BENZ AG, AND DAIMLER TRUCK AG FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Case No. _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

BACKGROUND ................................................................................................1

DISCUSSION.....................................................................................................4

   A.   Legal Standard .....................................................................................4

   B.   The Threshold Requirements in Section 1782 Are Met.................................6

      1.   Qualcomm is Found Within the District ................................................6

      2.   The Discovery is For Use in a Proceeding Before a Foreign Tribunal......6

      3.   Daimler is an "Interested Person" Under Section 1782 ............................7

   C.   The Application Should Be Granted in the Exercise of the Court's

Discretion ..........................................................................................7

      1.   Qualcomm is not a Participant in the Foreign Proceeding........................7

      2.   The Foreign Courts are Receptive to U.S. Judicial Assistance.................8

      3.   This Application is not an Attempt to Circumvent Proof-Gathering

Restrictions .....................................................................................10

      4.   The Requested Discovery is not Unduly Intrusive or Burdensome.........11

CONCLUSION.................................................................................................12

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

4

**Cases**

5

*AIS GmbH Aachen Innovative Sols. v. Thoratec LLC,*
   762 F. App'x 447 (9th Cir. 2019).........................................................................6

6

7

*In re Ex Parte Apple Inc.,*
   2015 WL 5838606 (S.D. Cal. Oct. 7, 2015)..........................................................6

8

*In re Babcock Borsig AG,*
   583 F. Supp. 2d 233 (D. Mass. 2008).................................................................10

9

10

*In re Bloomfield Inv. Res. Corp.,*
   2018 WL 6418421 (E.D.N.Y. Dec. 6, 2018) .......................................................10

11

12

*In re Heraeus Kulzer GmbH,*
   2015 WL 5613156 (N.D. Ind. Sept. 22, 2015)......................................................9

13

14

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
   633 F.3d 591 (7th Cir. 2011)................................................................................9

15

16

*Intel Corp. v. Advanced Micro Devices, Inc.,*
   542 U.S. 241 (2004) ................................................................................4, 7, 8, 9

17

18

*In re IPCom GmbH& Co. KG,*
   2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) ...............................................8, 10

19

20

*IPCom GmbH v. Apple, Inc.,*
   61 F. Supp. 3d 919 (N.D. Cal. 2014)....................................................................6

21

22

*Lo Ka Chun v. Lo To,*
   858 F.2d 1564 (11th Cir. 1988)............................................................................4

23

24

*In re Metallgesellschaft AG,*
   121 F.3d 77 (2d Cir. 1997)..................................................................................11

25

26

*In re Mireskandari,*
   2012 WL 12877390 (S.D. Cal. Dec. 20, 2012)......................................................5

27

*In re NanoPyxis Co., Ltd.,*
   2018 WL 1156838 (N.D. Cal. Mar. 5, 2018).......................................................11

28

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1

2

*In re Qualcomm Inc.*,
   2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) .................................................... 8, 9

3

**Statutes**

4

28 U.S.C. § 1782 ........................................................................................... *passim*

5

6

Code of Civil Procedure § 142 .................................................................... 3, 4, 10

7

German Patent Act Section 140c .................................................................. 3, 4, 10

8

**Other Authorities**

9

*Burgerliches Gesetzbuch* §§ 809-810 ......................................................... 3, 4, 10

10

Fed. R. Civ. P. 45(d)(1) ...................................................................................... 11

11

Rule 30(b)(6) ............................................................................................. 1, 2, 7, 11

12

13

*Zivilprozessordnung* [ZPO] ................................................................................ 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

Petitioners Daimler AG, Mercedes-Benz AG, and Daimler Truck AG

3

(collectively "Daimler"), by and through its counsel, hereby applies to the Court for

4

an Order under 28 U.S.C. § 1782(a) granting it leave to issue: (1) a subpoena to

5

Qualcomm Inc. ("Qualcomm") requiring Qualcomm to produce document(s)

6

evidencing an agreement in its possession, custody, or control for use in a foreign

7

patent infringement proceeding pending Germany; and (2) a Rule 30(b)(6)

8

deposition subpoena requiring Qualcomm to make available a corporate witness

9

who is prepared to testify under oath about the authenticity of any document(s)

10

produced in response to Daimler's document request.

11

Daimler's request for discovery is based upon its Application,  this

12

Memorandum of Points and Authorities, the Declarations of Dr. Henrik Lehment

13

("Lehment Decl.") and Celine Jimenez Crowson ("Crowson Decl."), and the

14

exhibits attached thereto.

15

## BACKGROUND

16

In December, 2020, Daimler was sued for patent infringement in the Munich

17

District Court (Case No. 7 O 16487/20) (the "German Litigation") by Godo Kaisha

18

IP Bridge 1 ("IP Bridge"), alleging infringement of IP Bridge's European Patent

19

No. EP 2 294 737 B1, (the "'737 Patent"), entitled "Control Channel Signalling

20

[sic] for Triggering the Independent Transmission of a Channel Quality Indicator."

21

Lehment Decl. ¶ 4.  IP Bridge accuses Daimler LTE-capable automobiles and

22

commercial vehicles of infringing the '737 Patent. *Id.*  Specifically, the LTE

23

capabilities of  Daimler's automobiles and commercial vehicles come from a device

24

called a Network Access Device ("NAD") which is implemented into the so-called

25

Telematic Control Unit ("TCU") installed in Daimler's vehicles. *Id.*  The NAD

26

includes, as a component, an LTE chip. *Id.*  Qualcomm makes and sells the LTE

27

chips incorporated into significant share of the NADs on Daimler's LTE-capable

28

accused vehicles. *Id.*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1    Qualcomm (or its affiliates) entered into an agreement concerning patents

2 related to semiconductor technology and/or to wireless standards related to

3 semiconductor technology, which patents are owned or otherwise controlled by IP

4 Bridge (or its affiliates). *Id.*, ¶ 5  Daimler became aware of this agreement through

5 two other patent litigations brought by IP Bridge asserting the '737 Patent pending

6 against HTC Germany GmbH and HTC Corp. (collectively, "HTC") in Germany

7 (the "HTC Litigations"). *Id.*  In both HTC Litigations, HTC argued that HTC had

8 argued that Qualcomm's agreement with IP Bridge would excuse HTC from

9 infringement under the doctrine of patent exhaustion, because Qualcomm has an

10 agreement with IP Bridge regarding patents related to semiconductor technology

11 and/or to wireless standards related to semiconductor technology. *Id.*  As such,

12 Qualcomm – an entity present in this judicial district (with an address of 5775

13 Morehouse Dr., San Diego CA 92121) – likely has in its direct possession and/or

14 within its control, document(s) relevant to the issues in the German Litigation,

15 namely evidence in the form of document(s) sufficient to show an agreement

16 regarding patents owned or controlled by IP Bridge or its affiliates.  The existence

17 of such an agreement in Qualcomm's possession would also allow Daimler to assert

18 the defense of patent exhaustion and potentially avoid liability for infringement of

19 the '737 Patent in the German Litigation. *Id.*, ¶ 6.

20    Daimler, therefore, asks this Court to authorize the issuance of a subpoena

21 *duces tecum* to Qualcomm for the requested documents, together with a subpoena

22 *ad testificandum* for a Rule 30(b)(6) deposition of a Qualcomm witness prepared to

23 testify about such matters as the authenticity of any document(s) produced in

24 response to Daimler's document request.  As set out below, all of the requirements

25 of 28 U.S.C. § 1782 ("Section 1782") are satisfied, as are the discretionary factors

26 enumerated by the Supreme Court concerning Section 1782 applications.  Daimler

27 therefore respectfully submits that the requested relief is appropriate and should be

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1    granted so that it may obtain copies of the relevant documents for use in the

2    German Litigation.

3        In German civil procedure law, there is generally no right to pre-trial

4    discovery comparable to the discovery available in the United States. Lehment

5    Decl. ¶ 7.  Instead, there are only a limited number of procedural provisions which

6    allow a party to make an application to obtain certain evidence from a third party,

7    which the party would not otherwise be able to obtain. *Id.*  For example, a German

8    court can order a third party to provide documents in its possession under Section

9    142 para 1 Code of Civil Procedure (*Zivilprozessordnung*). *Id.* ¶ 8.  In addition,

10   Section 140c German Patent Act (*Patentgesetz*) and Sections 809, 810 German

11   Federal Civil Code (*Burgerliches Gesetzbuch*) confers a limited right to production

12   of documents and to inspection of a potentially infringing device. *Id.*  However,

13   these procedures are not sufficient to allow Daimler to obtain useful discovery

14   about Qualcomm's agreement(s) regarding patents owned or controlled by IP

15   Bridge or its affiliates for at least two independent reasons. *Id.*

16       First, both Sections 142 of the Code of Civil Procedure and Section 140c of

17   the German Patent Act reach only information and documents located in Germany

18   (and in the European Union – except for Denmark – under certain circumstances),

19   especially because German courts are not entitled to retrieve evidence outside of

20   Germany if not voluntarily provided. *Id.* ¶ 9.  In addition, Section 140c of the

21   German Patent Act as well as Sections 809 and 810 of the German Federal Civil

22   Code only pertain to documents in the direct possession or – as regarding Section

23   140c of the German Patent Act – within the control of the alleged German patent

24   infringer. *Id.*  Therefore, information located in the United States in the possession

25   of Qualcomm would not be available to Daimler through German discovery laws.

26   *Id.*

27       Second, the procedure under section 142 of the Code of Civil Procedure is

28   available only for discovery of specific documents expressly referenced in the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1   lawsuit by a party and which are relevant for the determination of the proceedings.

2   *Id.* ¶ 10.  Even if these requirements are met, it is in the court's discretion to order

3   the provision of the specific document(s), and German courts are very cautious to

4   issue such orders. *Id.*  Similarly, the claim under Section 140c of the German Patent

5   Act and Sections 809 and 810 of the German Federal Civil Code requires a

6   sufficient identification of the documents being sought by a party. *Id.*   *Id.*  It is in

7   the court's discretion as to whether a requested document is sufficiently identified

8   so as to order the provision of documents sought under this section.

9        Additionally, German law does not permit pre-trial deposition of the other

10  party or its representatives, nor does it permit the deposition of witnesses in a way

11  comparable to US discovery and therefore a Qualcomm witness would not be

12  accessible to Daimler at the pre-trial stage under German discovery law. *Id.* ¶ 11.

13  Rather, as a general rule, the parties in a German litigation must make their cases

14  with the evidence they have publicly available to them. *Id* ¶ 11.

15       Accordingly, discovery in the United States for use in proceedings in

16  Germany is necessary for Daimler to defend itself from infringement allegations

17  brought by IP Bridge.

18                          **DISCUSSION**

19       A.    <u>Legal Standard</u>

20       28 U.S.C. § 1782 ("Section 1782") "is the product of congressional efforts,

21  over the span of nearly 150 years, to provide federal-court assistance in gathering

22  evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*,

23  542 U.S. 241, 247 (2004).  Starting "[i]n 1948, Congress substantially broadened

24  the scope of assistance federal courts could provide for foreign proceedings,"

25  pursuant to 28 U.S.C. § 1782. *Id.*, 247-48.  "The history of Section 1782 reveals

26  Congress' wish to strengthen the power of district courts to respond to requests for

27  international assistance." *Lo Ka Chun v. Lo To*, 858 F.2d 1564, 1565 (11th Cir.

28  1988).

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

1    Section 1782 authorizes a federal district court to order discovery of

2    documents and testimony for use in a foreign proceeding in the following

3    circumstances:

4    The district court of the district in which a person resides or is found
     may order him to give his testimony or statement or to produce a
5    document or other thing for use in a proceeding in a foreign or
     international tribunal . . . .  The order may be made . . . upon the
6    application of any interested person and may direct that the testimony
     or statement be given, or the document or other thing be produced,
7    before a person appointed by the court.  . . .  The order may prescribe
     the practice and procedure, which may be in whole or part the practice
8    and procedure of the foreign country or the international tribunal, for
     taking the testimony or statement or producing the document or other
9    thing.  To the extent that the order does not prescribe otherwise, the
     testimony or statement shall be taken, and the document or other thing
10   produced, in accordance with the Federal Rules of Civil Procedure.

11   28 U.S.C. § 1782(a).

12    Thus, there are three threshold requirements to be satisfied before the district

13   court is authorized to order discovery under Section 1782: (1) the application is

14   filed in the district wherein the person resides; (2) the discovery is sought for use in

15   a proceeding in a foreign tribunal; and (3) the application is made by a foreign

16   tribunal or an interested person in those proceedings. *In re Mireskandari*, No. 12-

17   cv-2865-IEG (DHB), 2012 WL 12877390, at *2 (S.D. Cal. Dec. 20, 2012).

18    If these statutory requirements are met, the District Court may, but is not

19   required to, grant assistance under Section 1782.  Beyond these three threshold

20   criteria, the U.S. Supreme Court has articulated four discretionary factors for

21   district courts to consider in ruling on applications under Section 1782: (1) whether

22   the person from whom discovery is sought is a participant in the foreign

23   proceeding; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3)

24   whether the Section 1782 application is an attempt to circumvent foreign proof-

25   gathering restrictions; and (4) whether the documents and testimony sought are

26   unduly intrusive or burdensome. *In re Mireskandari*, 2012 WL 12877390, at *2

27   (*citing Intel*, 542 U.S. at 264-65 (2004) (internal citations omitted)).

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.     The Threshold Requirements in Section 1782 Are Met

In this case, the three threshold requirements for judicial assistance under Section 1782 are satisfied, as detailed below.  Accordingly, this Court is authorized to provide the requested assistance.

*1.     Qualcomm is Found Within the District*

Qualcomm is found within this District at least because Qualcomm  is a registered business entity in California, having its mailing address at 5775 Morehouse Dr., San Diego CA 92121. Crowson Decl. ¶ 7 , Ex. 4.  According to Qualcomm's own website, Qualcomm's U.S. headquarters is located at this same address in San Diego, California. *Id*. ¶ 6, Ex. 3.  Moreover, Qualcomm has identified this same address in its most recent Form 10-K filing with the U.S. Securities and Exchange Commission as its "Principal Executive Office[]". Crowson Decl. ¶ 8, Ex. 5.  The City of San Diego has also identified Qualcomm's headquarters as being located at this same address. Crowson Decl. ¶ 9, Ex. 6. Therefore, Qualcomm is undoubtedly located in this District.

*2.     The Discovery is For Use in a Proceeding Before a Foreign Tribunal*

A court action pending in the Munich District Court in Germany plainly satisfies the statutory requirement of a proceeding in a foreign tribunal.  This District has held that German courts qualify as a foreign tribunal within the meaning of the statute. *See In re Ex Parte Apple Inc.*, No. 15cv1780 BAS(RBB), 2015 WL 5838606, at *2 (S.D. Cal. Oct. 7, 2015).  Moreover, courts have routinely granted Section 1782 applications seeking discovery for use in proceedings in Germany. *See AIS GmbH Aachen Innovative Sols. v. Thoratec LLC,* 762 F. App'x 447, 448 (9th Cir. 2019) (German court in which a patent infringement case was pending was a foreign tribunal for purposes of § 1782); *IPCom GmbH v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (German patent infringement action qualified).

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

1    Daimler was sued for patent infringement by IP Bridge in Germany. Lehment

2    Decl. ¶ 4.  Daimler requires limited discovery in order to defend against these

3    allegations of infringement brought by IP Bridge.  The limited requested discovery,

4    related to Qualcomm's (or its affiliates) agreement(s) concerning patents related to

5    semiconductor technology and/or to wireless standards related to semiconductor

6    technology, which patents are owned or otherwise controlled by IP Bridge (or its

7    affiliates), is relevant to the issues in the German Litigation.  Thus, the second

8    requirement of Section 1782 is met.

9        *3.    Daimler is an "Interested Person" Under Section 1782*

10    As a defendant in the German Litigation, Daimler qualifies as an "interested

11    person" under Section 1782. 28 U.S.C § 1782(a); *Intel,* 542 U.S. at 256 ("The text

12    of § 1782(a), 'upon the application of any interested person,' plainly reaches

13    beyond the universe of persons designated 'litigant.'"); *see also id.* at 256-57

14    ("'[A]ny interested person' is 'intended to include . . . any other person whether he

15    be designated by foreign law or international convention or merely possess a

16    reasonable interest in obtaining the assistance." (citing Hans Smit, *Int'l Litig. Under*

17    *the U.S. Code,* 65 Colum. L. Rev. 1015, 1027 (1965)).  Thus, all three requirements

18    of Section 1782 are met, and this Court is authorized to provide the requested

19    assistance.

20    C.    The Application Should Be Granted in the Exercise of the Court's

21    Discretion

22    As discussed below, all of the discretionary *Intel* factors enumerated by the

23    Supreme Court weigh in favor of granting the requested discovery.  Daimler

24    therefore respectfully requests that the Court issue the proposed Order authorizing

25    the proposed subpoena and Rule 30(b)(6) deposition.

26        *1.    Qualcomm is not a Participant in the Foreign Proceeding*

27    The first discretionary factor articulated by the Supreme Court relates to the

28    status of the party against whom discovery is sought, specifically whether that party

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1   is already subject to a discovery order issued by the foreign tribunal:

2
3
4   When the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here) the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

5

6   *Intel, supra*, 542 U.S. at 264.

7   Here, the Plaintiff in the German Litigation is IP Bridge, and Daimler is the

8   defendant. Lehment Decl. ¶ 4.  Qualcomm would not be a party to the German

9   Litigation, nor is it expected that Qualcomm would participate in this litigation, and

10   therefore is not subject to and will not be subject to any pending discovery order in

11   the German Litigation.

12   Additionally, the requested evidence is only available to Daimler at the

13   discretion of the court in the German Litigation and German courts are often

14   reluctant to grant such requests for discovery of evidence. *Id.*, ¶¶ 7-14.  Nor would

15   the first *Intel* factor weigh against discovery even if the target of the subpoena was

16   itself a party to a foreign action due to the lack of effective foreign discovery

17   procedures in German courts. *See In re IPCom GmbH& Co. KG*, No. 5:14-mc-

18   80037-EJD-PSG, 2014 WL 12772090, at *2 (N.D. Cal. Apr. 10, 2014) (factor

19   neutral as a result of lack of effective discovery procedure in Germany, even though

20   Apple, the target of the subpoena, was a defendant in the German action); *In re*

21   *Qualcomm Inc.*, No. 18-mc-80104-VKD, 2018 WI, 3845882, at *3 (N.D. Cal. Aug.

22   13, 2018) (noting that multiple courts have found this to be a neutral factor for

23   German cases in light of German discovery law).

24   Accordingly, the first factor favors discovery.

25   2.      *The Foreign Courts are Receptive to U.S. Judicial Assistance*

26   A district court evaluating a Section 1782 application "may take into account

27   the nature of the foreign tribunal, the character of the proceedings underway

28   abroad, and the receptivity of the foreign government or the court or agency abroad

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1  to U.S. federal-court judicial assistance." *Intel,* 542 U.S. at 264.  Here, there are no

2  concerns about the receptivity of the German Courts to evidence obtained through

3  discovery in this district.

4      The Declaration of Dr. Henrik Lehment, a German patent litigator with 11

5  years of experience, demonstrates that the German court would be receptive to

6  evidence obtained through this Application. Lehment Decl. ¶ 13.  The court in

7  which the German action is pending would have to consider any documents

8  obtained in this proceeding in making its decision. *Id.*.  A transcript of deposition

9  testimony will be admissible in a German court, even though the court retains the

10  discretion to require live in-person testimony by the deponent. *Id.* ¶ 15.  Dr.

11  Lehment's conclusion about the receptivity of German courts to evidence from the

12  United States, *id.* ¶ 14, is consistent with the decisions of many U.S. courts to grant

13  section 1782 applications in aid of German cases.  *See, e.g., In re Qualcomm Inc.*,

14  2018 WL 3845882, at *3-4; *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591,

15  599 (7th Cir. 2011) (granting request for discovery under Section 1782 for German

16  trade secret case).  Indeed, evidence obtained pursuant to Section 1782 has been

17  decisive in German proceedings. *In re Heraeus Kulzer GmbH*, No. 3:09-CV-530

18  RLM-MGG, 2017 WL 214322, at *1 (N.D. Ind. Jan. 18, 2017) (noting that the

19  German court "relied on" documents obtained pursuant to Section 1782 in reaching

20  its judgment); *see also In re Heraeus Kulzer GmbH*, No. 3:09-CV-530 RM, 2015

21  WL 5613156, at *1 (N.D. Ind. Sept. 22, 2015) (noting that "the German judgment

22  quotes extensively from the cited documents," all of which were produced pursuant

23  to a Section 1782 petition).

24      While discoverability under the foreign law is not a factor in the *Intel*

25  calculus, *see Intel,* 542 U.S. at 260, it is worth noting that the information sought in

26  this Application may not be  as a practical matter discoverable in the German

27  Litigation.  The German court would have the power to require production of

28  documents not mentioned by the parties in their submissions only if Daimler could

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1    specify the evidence with sufficient particularity, and even then, the court may be

2    disinclined to grant the request. *See* Lehment Decl. ¶¶ 8-10 (explaining

3    *Zivilprozessordnung* [ZPO] [Code of Civil Procedure] § 142(1)).  In patent cases,

4    German law may give the patentee a right to inspection of a document if it can

5    provide a sufficient identification of the document. *See id.*, ¶ 10 (explaining

6    *Patentgesetz* [PatG] 20 [Patent Law] § 140c and *Burgerliches Gesetzbuch* §§ 809-

7    810).  *Id.*  It is in the court's discretion, however, as to whether a requested

8    document is sufficiently identified so as to order the provision of documents sought

9    under this section.

10        In the absence of "authoritative proof that a foreign tribunal would reject

11   evidence obtained with the aid of section 1782"—such as where a representative of

12   the foreign tribunal "has expressly and clearly made its position known"—Section

13   1782's "overarching interest in providing equitable and efficacious procedures for

14   the benefit of tribunals and litigants involved in litigation with international

15   aspects" weighs in favor of granting discovery. *In re Bloomfield Inv. Res. Corp.,*

16   No. 18 MC 2608 (NGG) (CLP), 2018 WL 6418421, at *5 (E.D.N.Y. Dec. 6, 2018)

17   (citations omitted).; *see also In re Babcock Borsig AG,* 583 F. Supp. 2d 233, 241-42

18   (D. Mass. 2008).

19        For these reasons, the second *Intel* factor weighs in favors of this Court

20   rendering its assistance.

21            *3.        This Application is not an Attempt to Circumvent Proof-*

22   *Gathering Restrictions*

23        The third discretionary factor also weighs in favor of granting the Petition.

24   Daimler is not attempting to circumvent any proof-gathering limitations or other

25   policies applicable to the German Litigation or of the United States. *See, e.g.*, *In re*

26   *IPCom GMBH & Co.*, 2014 WL 12772090, at *3 (noting there is no circumvention

27   because "U.S. courts have routinely granted applications under Section 1782 for

28   discovery of evidence to be used in German proceedings.").  "[T]hrough § 1782

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1    Congress has seen fit to authorize discovery which, in some cases, would not be

2    available in foreign jurisdictions, as a means of improving assistance by our courts

3    to participants in international litigation and encouraging foreign countries by

4    example to provide similar means of assistance to our courts." *In re*

5    *Metallgesellschaft AG*, 121 F.3d 77, 80 (2d Cir. 1997).

6        Daimler would not be circumventing any foreign law or policy by obtaining

7    the discovery, as German procedural and evidentiary rules contain no prohibition

8    against judicial discovery proceedings such as these. Lehment Decl. ¶ 13.  Daimler

9    would additionally not run afoul of U.S. limits on discovery.

10        4.    *The Requested Discovery is not Unduly Intrusive or*

11    *Burdensome*

12        Finally, Daimler's requested discovery is not unduly intrusive or

13    burdensome.  It is narrowly tailored and focuses on information regarding a

14    Qualcomm agreement regarding certain patents owned or controlled by IP Bridge.

15    Nor is a deposition of a witness under Fed. R. Civ. P. 30(b)(6) unduly burdensome.

16    Such depositions are standard practice in any U.S. civil litigation and the Rules of

17    Civil Procedure themselves ensure that the length, time and place of the deposition

18    do not impose an undue burden. *See* Fed. R. Civ. P. 45(d)(1).

19        To the extent Qualcomm asserts that any of the information Daimler seeks is

20    confidential or proprietary, Daimler is prepared to enter into an appropriate

21    Protective Order. *See, e.g., In re NanoPyxis Co., Ltd.*, 2018 WL 1156838, at *5

22    (N.D. Cal. Mar. 5, 2018) (entry into a protective order alleviated confidentiality

23    concerns).  The laws of Germany would also provide adequate protection for

24    confidential documents or information submitted to a court located there. Lehment

25    Decl. ¶¶ 17-19.  Thus, any confidentiality concerns do not pose an obstacle to this

26    Application.

27    //

28    //

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For all the foregoing reasons, Daimler's Application satisfies the requirements of Section 1782 and this Court should provide its assistance by ordering the requested discovery.

Dated: June 23, 2021                    Respectfully submitted,

*/s/ David. W. Skaar*
David W. Skaar
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785 4600
Facsimile: (310) 785 4601
david.skaar@hoganlovells.com

Celine J. Crowson
Anthony David Brzozowski, II
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, DC 20004
Phone:  (202) 637 5600
Facsimile:  (202) 637 5910
celine.crowson@hoganlovells.com
david.brzozowski@hoganlovells.com

Attorneys for Petitioner Daimler AG, Mercedes-Benz AG, and Daimler Truck AG

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782