David W. Skaar (CA Bar No. 265377)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785 4600
Facsimile: (310) 785 4601
david.skaar@hoganlovells.com

Celine J. Crowson  (DC Bar No. 0436549A)
Anthony David Brzozowski, II (DC Bar No. 1044471)
(motions for admission *pro hac vice* pending)
**HOGAN LOVELLS US LLP**
555 13th St. NW
Washington, DC 20004
Phone:  (202) 637 5600
Facsimile:  (202) 637 5910
celine.crowson@hoganlovells.com
david.brzozowski@hoganlovells.com

Attorneys for Petitioner Daimler AG, Mercedes-Benz AG, and Daimler Truck AG

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF **DAIMLER AG, MERCEDES-BENZ AG, AND DAIMLER TRUCK AG** FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Case No.<br><br>Honorable<br><br>**DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

I, Dr. Henrik Lehment, declare as follows:

1.  I am a German qualified attorney and a partner at the law firm of Hogan Lovells International LLP in Dusseldorf, Germany. I was admitted to practice law in Germany in 2009. I studied law at the Universities in Bonn and Potsdam and passed the First State Exam in 2006. I received my doctorate in law from Kiel University in 2007.

2.  I work primarily in Germany as a trial lawyer in the fields of patent and utility model law. I have more than 11 years of experience in German and international patent law, and work in integrated teams with patent-law experts from various countries on a regular basis. My work spans cases covering multiple areas of technology. I have litigated before all major German patent courts. In addition, I regularly participate in proceedings before the European Patent Office, the German Patent and Trademark Office, and the German Federal Patent Court.

3.  I make this declaration in support of Daimler AG's, Mercedes-Benz AG's, and Daimler Truck AG's (collectively "Daimler") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 granting it leave to serve a subpoena on Qualcomm Inc. ("Qualcomm") to obtain discovery for use in patent infringement actions in Germany.

4.  On December 8, 2020, Godo Kaisha IP Bridge 1 ("IP Bridge") filed a lawsuit against Daimler for patent infringement in the Munich District Court (Case No. 7 O 16487/20) (the "German Litigation"), asserting European Patent No. EP 2 294 737 B1 (the "'737 Patent"), entitled "Control Channel Signalling [sic] for Triggering the Independent Transmission of a Channel Quality Indicator." The accused products are Daimler's automobiles and commercial vehicles that have LTE capabilities. Specifically, the LTE capabilities of Daimler's automobiles and commercial vehicles come from a device called a Network Access Device ("NAD"), which is implemented into the so-called Telematic Control Unit ("TCU") installed in Daimler's vehicles. The NAD includes, as a component, an LTE chip. Qualcomm

- 1 -

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

makes and sells the LTE chips incorporated into a significant share of the NADs on Daimler's LTE-capable accused vehicles.

5. I became aware that Qualcomm (or its affiliates) entered into an agreement concerning patents related to semiconductor technology and/or to wireless standards related to semiconductor technology, which patents are owned or otherwise controlled by IP Bridge (or its affiliates) through two other patent litigations brought by IP Bridge against HTC Germany GmbH and HTC Corp. (collectively, "HTC") in Germany ("the HTC Litigations"). I further learned that in both litigations, HTC had argued that Qualcomm's agreement with IP Bridge would excuse HTC from infringement under the doctrine of patent exhaustion, because Qualcomm has an agreement with IP Bridge regarding patents related to semiconductor technology and/or to wireless standards related to semiconductor technology, which patents are owned or otherwise controlled by IP Bridge.

6. Daimler seeks discovery of this agreement between IP Bridge and Qualcomm in order to assert that Daimler is not liable for infringement based on the doctrine of patent exhaustion in the German Litigation.

**German Law on Discovery**

7. In German civil procedure law, there is generally no right to pre-trial discovery comparable to the discovery available in the United States. Instead, there are only a limited number of procedural provisions which allow the plaintiff to make an application to obtain certain evidence from another party to the lawsuit or a third party, which the plaintiff would not otherwise be able to obtain.

8. For example, a German court can order a party to the lawsuit or a third party to provide documents in its possession under Section 142 para 1 Code of Civil Procedure (*Zivilprozessordnung*). In addition, Section 140c German Patent Act (*Patentgesetz*) and Sections 809, 810 of the German Federal Civil Code (*Burgerliches Gesetzbuch*) confer a limited right to the production of documents and to inspection of a potentially infringing device. However, this procedure is not

- 2 -

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

sufficient to allow Daimler to obtain useful discovery about Qualcomm's licensing/covenanting agreements with IP Bridge for at least two independent reasons.

9. First, both Section 142 of the Code of Civil Procedure and Section 140c of the German Patent Act reach only information and documents located in Germany (and in the European Union - except for Denmark - under certain circumstances), especially because German courts are not entitled to retrieve evidence outside of Germany if not voluntarily provided. In addition, Section 140c of the German Patent Act as well as Sections 809 and 810 of the German Federal Civil Code only pertain to documents in the direct possession or – as regarding Section 140c of the German Patent Act – within the control of the alleged German patent infringer. Therefore, information located in the United States in the possession of Qualcomm would not be available to Daimler through German discovery laws.

10. Second, the procedure under Section 142 Code of Civil Procedure is available only for discovery of specific documents expressly referenced in the lawsuit by a party and which are relevant for the determination of the proceedings. Even if these requirements are met, it is in the court's discretion to order the provision of the specific document(s). In my experience, German courts are very cautious to issue such orders. Similarly, the claim under Section 140c of the German Patent Act and Sections 809 and 810 of the German Federal Civil Code requires a sufficient identification of the documents being sought by a party. It is in the court's discretion as to whether a requested document is sufficiently identified so as to order the provision of documents sought under this section.

11. In addition, I understand that Daimler seeks to depose through this Application Qualcomm. However, German law does not permit pre-trial deposition of the other party or its representatives, nor does it permit the deposition of witnesses in a way comparable to US discovery and therefore a Qualcomm witness would not be accessible to Daimler at the pre-trial stage under German discovery law.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

12. Thus, as general rule, the parties in a German litigation must make their cases with the evidence they have publicly available to them.

13. German courts are, however, receptive to evidence obtained through section 1782 proceedings in the United States. There is no rule prohibiting a party to seek evidence via section 1782 or declaring such evidence inadmissible in German legal proceedings. Instead, general rules of German civil procedure law apply. The German court would have to consider any documents obtained in connection with this proceeding in making its decision.

14. Therefore, under German law, any documents obtained in the U.S. pursuant to 28 U.S.C. § 1782 could be introduced into the German Litigation by simple submission, and the German court would have to consider the evidence in its decision making.

15. Moreover, any transcript of sworn testimony given under oath, such as a U.S. deposition, can be formally introduced into the German Litigation under applicable rules of German civil procedure law, and the German Court would be required to accept the transcript, even though it has the discretion to decide that in-person testimony of the witness is required in a particular case.

16. Therefore, any order by this Court for the production of discovery to be used in a patent infringement action in Germany would not constitute an affront to the dignity of the German legal system.

**German Law on Access to Court Records**

17. Unlike in the United States, court documents in Germany are kept confidential by default. A third party can, however, seek to inspect a court file under Section 299(2) Code of Civil Procedure. However, Daimler would have the right to object to inspection on confidentiality grounds, in which case the German court could allow the inspection only if the third party has a justified legal interest in inspecting the file. To make that decision, the German court would balance Daimler's interest in confidentiality against the third party's interest in having access. Daimler is

willing to object to the disclosure of any confidential information pursuant to this Application and offered in the German Litigation, and to advise Qualcomm of any such third party request.

18. Additionally, oral hearings before the German court will generally be open to the public. *See* Section 169 Court Constitutional Law (*Gerichtsverfassungsgesetz*). However, the parties can request exclusion of the public if confidential business information will be addressed, and Daimler is willing to make the request that the public be excluded from any oral hearings.

19. Finally, it is unlikely that the German court's written decision would reference any confidential information, as the court typically refers to the court file rather than reciting factual details. However, parties can request that the court does not include confidential information in its written decision or that it make only a redacted version of the decision public. Again, Daimler is willing to request that the German court not include any confidential information in its written decision.

I declare under the pains and penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June 2021, at Dusseldorf, Germany.

Dr. Henrik Lehment

- 5 -

DECLARATION OF DR. HENRIK LEHMENT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782